UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

YOLUNDA M. KELLIER-BROWN,

Plaintiff,

–against–

DAVID MORRIS, as Executor of the Estate of Icyline Carter a/k/a Icyline Isola Carter, Deceased; and NIGEL B. TULLOCH; jointly and severally,

Defendants.

26 CV 7484

**COMPLAINT AND JURY DEMAND**

1. The plaintiff alleges, pursuant to N.Y. Lab. Law § 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and the New York Public Health Law, § 3514-F, and the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and such other relief available by law.

2. The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

**JURISDICTION AND VENUE**

3. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. § 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

5. The plaintiff is and was at all relevant times an adult residing in Queens County, New York.

6. The defendant David Morris is and was at all relevant times an adult residing in North Carolina.

7. The defendant David Morris is the executor of the estate of Icyline Carter a/k/a Icyline Isola Carter, deceased.

8. The defendant Nigel B. Tulloch is and was at all relevant times an adult residing in Maryland.

## STATEMENT OF FACTS

9. Icyline Carter a/k/a Icyline Isola Carter, deceased, exercised substantial control over the functions of the plaintiff and acted directly or indirectly in the interest of an employer.

10. Upon information and belief, at all relevant times, Icyline Carter a/k/a Icyline Isola Carter, deceased, had the capacity on behalf of the defendants to establish the wages and hours of the plaintiff.

11. The defendant Nigel B. Tulloch exercised substantial control over the functions of the plaintiff and acted directly or indirectly in the interest of an employer.

12. The defendant Nigel B. Tulloch had the capacity on behalf of the defendants to establish the wages and hours of the plaintiff.

13. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

14. The defendants employed the plaintiff approximately from August 25, 2021, until March 3, 2026.

15. The defendants employed the plaintiff as a home care aide.

16. The plaintiff worked for the defendants approximately 119 to 168 hours per week.

17. The defendants paid the plaintiff approximately $953.00 to $1053.00 per week.

18. The defendants willfully failed to pay the plaintiff and party plaintiffs the applicable minimum wage.

19. The plaintiff and party plaintiffs worked more than forty hours each workweek, yet the defendants failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

20. The plaintiff worked a spread of hours more than ten each day, yet the defendants failed to pay the plaintiff spread-of-hours compensation.

21. The defendants failed to provide the plaintiff with a notice and acknowledgment at the time of hiring.

22. The defendants failed to provide the plaintiff with a statement with each payment of wages.

23. Because of the defendants' failure to provide the plaintiff with a notice and acknowledgment at the time of hiring and a statement with each payment of wages, the defendants prevented the plaintiff from realizing the plaintiff's actual hours worked, realizing that the defendants were underpaying the plaintiff in violation of the law, and taking earlier action to stop the defendants continuing to underpay the plaintiff and to obtain the underpayments due the plaintiff by the defendants.

24. While the defendants employed the plaintiff, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the New York Labor Law, and the plaintiff was uninformed of the plaintiff's rights during such time.

25. While the defendants employed the plaintiff, the defendants failed to maintain accurate and sufficient records.

**FIRST CAUSE OF ACTION:**
**MINIMUM WAGE ACT AND SECTION 3514-F OF THE NEW YORK PUBLIC HEALTH LAW**

26. The plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if they were set forth again herein.

27. At all relevant times, the defendants, employers, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

28. At all relevant times, the defendants employed the plaintiff as, and the plaintiff was, a home care aide, within the meaning of the New York Public Health Law, § 3514-F(a).

29. From December 31, 2019, to September 30, 2022, the applicable minimum wage was $15.00 per hour, and from October 1, 2022, to December 31, 2023, $17.00, and from January 1 to December 31, 2024, $18.00, and from January 1 to December 31, 2025, $19.10, and from January 1, 2026, to the present, $19.65, pursuant to N.Y. Lab. Law § 652, N.Y. Pub. Health Law § 3514-F, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

30. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff the required minimum wage, in violation of N.Y. Lab. Law § 652, N.Y. Pub. Health Law § 3514-F, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

31. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the plaintiff's regular rate of pay for the hours the plaintiff worked more than forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

32. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff spread-of-hours compensation, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

33. By N.Y. Lab. Law § 663(1), the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and (3) spread-of-hours wages.

34. The plaintiff is further entitled to recover of the defendants liquidated damages pursuant to the Minimum Wage Act, N.Y. Lab. Law § 663(1).

## SECOND CAUSE OF ACTION:
## WAGE THEFT PREVENTION ACT

35. The plaintiff realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

36. The defendants failed to furnish to the plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

37. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiff should be awarded of the defendants statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

38. The defendants failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7.

39. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7, the plaintiff should be awarded of the defendants statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

40. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

## PRAYER FOR RELIEF

The plaintiff demands:

a. an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, and (3) spread-of-hours wages, due under the Minimum Wage Act;

b. an award of liquidated damages pursuant to the Minimum Wage Act, N.Y. Lab. Law § 663(1);

c. an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

d. a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

e. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

f. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

g. an award of an additional fifteen percent of the total amount of the judgment if any amount of the judgment remains unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, pursuant to N.Y. Lab. Law §§ 198(4) and 663(4);

h. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to N.Y. Lab. Law §§ 198(1) and (4), and 663(1) and (4); and

i. such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Law Office of Justin A. Zeller, P.C.
By: /s/
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: 1-212-229-2249
Facsimile: 1-212-229-2246
*Attorneys for plaintiff*

Dated: November 19, 2026